United States District Court
Southern District of Texas
**ENTERED**
July 28, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WESTPORT INSURANCE CORPORATION, *on its own behalf and Assignee of Houstoun Woodward, Eason, Gentle, Tomforde and Anderson, Inc.*, *d/b/a* INSURANCE ALLIANCE, | § § § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION H-16-1947 |
| PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY *d/b/a* PENN NATIONAL INSURANCE, | § § § § § | |
| Defendant. | § § | |

### MEMORANDUM OPINION & ORDER

Pending before the court is plaintiff Westport Insurance Corporation's ("Westport") objections and motion to modify the Magistrate Judge's order on in camera inspection (Dkt. 76). Dkt. 77. After considering the motion, the response, the reply, the record, and the applicable law, the court is of the opinion that Westport's objections should be SUSTAINED IN PART AND OVERRULED IN PART and Westport's motion to modify should be GRANTED IN PART AND DENIED IN PART. *Id.*

### I. BACKGROUND

On June 1, 2017, Magistrate Judge Nancy K. Johnson issued an order on in camera inspection (the "Order") requiring defendant Pennsylvania National Mutual Casualty Insurance Company d/b/a Penn National Insurance ("Penn National") to amend a privilege log and affidavits. Dkt. 76. On June 15, 2017, Westport filed timely objections and a motion to modify the Order. Dkt. 77. Westport does not object to the substantive rulings of the Order. *Id.* Penn National

responded, and Westport replied. Dkts. 85, 88. Penn National also filed a sur-reply to Westport's reply, without seeking leave of court. Dkt. 89; L.R. Tex. 7.4. Under the court's procedures, a party must first seek leave of court to file any additional filings. Judge Miller's Procedures, ¶ 6A. Therefore, the court will not consider Penn National's additional filing (Dkt. 89). *Id.*

## II. LEGAL STANDARD & ANALYSIS

For dispositive matters, the court "determine(s) de novo any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3). For nondispositive matters, the court may set aside the Magistrate Judge's order only to the extent that it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).

Westport objects to the Magistrate Judge's finding of facts and conclusions of law, and to statements that the Magistrate attributes to "Westport's counsel" instead of the preferred "Westport's retained counsel." Dkt. 77. Westport also seeks to introduce an affidavit from its own insurance claims professional, James Redeker. *Id.* The court will address each objection in turn.

First, Westport argues that the court mischaracterized evidence by attributing evidence to "Westport's attorney" or "Westport's counsel" when the court should have attributed it to "Westport's retained counsel" from the law firm Oldenettel & McCabe. Dkt. 77 at 12–13. Westport contends that this distinction is important because the "statements could be improperly used by Penn National to support its purported *Stowers* defense and would result in prejudice to Westport." *Id.* at 14. Westport argues that it "retained the firm Oldenettel & McCabe to represent Insurance Alliance[1] as defense counsel." *Id.* at 13. The court attributed a report to Westport when it was

---

[1] Penn National was the excess insurer for Insurance Alliance. Dkt. 85 at 8.

2

actually prepared by the firm, and not by Westport's own attorneys. *Id.*; *see, e.g.*, Dkt. 77 at 2 (objecting to the phrase "Penn National received an email from Westport").

To the extent that Westport is objecting to the Order's reference to attorneys at Oldenettel & McCabe as "Westport's attorney," or "Westport's counsel," instead of "Westport's retained counsel," that objection is SUSTAINED. Westport's motion to modify the Order is GRANTED and the Order shall read "Westport's retained counsel" instead of "Westport's attorney," or "Westport's counsel," when referencing attorneys at Oldenettel & McCabe.

Second, Westport objects to the court's factual findings and conclusions that Westport's retained counsel knew that the legal exposure or jury verdict would exceed Westport's policy limits, and that the court deemed that Penn National reasonably anticipated *Stowers* litigation as of May 24, 2010. Dkt. 77 at 2. Upon review of the record, the court finds that the Magistrate Judge's factual findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(a). The Order's factual findings and legal conclusions are supported by several documents in the record, including letters to Westport's retained counsel attached to the affidavit of Boyd Wright, Penn National's claims adjuster. Dkt. 73-1 at 5, 7 (Wright Aff.). Westport's claims adjuster, James Redeker, sent two reservation of rights letters to Jim Berger of Insurance Alliance and carbon-copied Westport's retained counsel, Rick Oldenettel, on April 16, 2008, and April 14, 2009. *Id.* In pertinent part, the letter stated:

> As you are aware, plaintiff's counsel believes this case to be worth well in excess of your $5,000,000 in coverage with us. Thus, I must inform you that a jury could potentially return a verdict against you in excess of your $5,000,000 policy limit with our company. Since there is potential for personal exposure in excess of your $5,000,000 policy limit you should notify your personal attorney to supervise and protect your interests.

On May 24, 2010, Wright sent Redeker a *Stowers* letter stating:

>Westport breached its duties to Insurance Alliance and Penn National under *Stowers* [doctrine] and if Penn National was required to contribute toward a judgment because of Westport's negligence in failing to settle the claim against Insurance Alliance within its policy limits Penn National would seek recovery from Westport for amounts it was required to pay. Dkt. 73-1 at 2, 31–32 (Wright Aff.).

Based on the record, the court finds no clear error in the factual findings and legal conclusions. However, Westport also objects to the factual findings due to a typographical error. Dkt. 77. That objection is SUSTAINED. The Order reads "On May 13, 2010, . . . Penn National's claims adjuster was aware that the legal exposure to Insurance Alliance was in excess of Westport's policy limits and that Westport's [retained] attorney considered it a case of 100% liability." Dkt.77 at 2 (citing Dkt. 76 at 2). The actual date of the letter is May 15, 2010. Dkt. 73-1 at 27. Therefore, Westport's motion to modify the Order is GRANTED IN PART to reflect the correct date of the May 15, 2010 letter. *Id.*

Third, Westport moves to introduce the affidavit of its claim adjuster, James Redeker. Dkt. 77. Westport argues that it did not have time to respond to Penn National's response brief, which included the Wright affidavit. *Id.* Therefore, Westport seeks to introduce the Redeker affidavit to provide the court with a more complete version of the facts. *Id.* Penn National argues that the facts stated in Wright's affidavit are "almost all contained in documents that were attached to letters to the court in Westport's previous [filings]." Dkt. 85 at 4. The court agrees with Penn National that the evidence attached to the Wright affidavit is not new to the court or to Westport. In fact, the letters attached to Wright's affidavit were all sent to Westport's retained counsel or Westport's claims adjuster.

Penn National also argues that at no point after Penn National filed the Wright affidavit did Westport seek leave of court for an extension of time to submit an additional filing or leave to file

4

post-hearing briefing. Dkt. 85. Under the Local Rules of the Southern District of Texas, "[f]ailure to respond will be taken as a representation of no opposition." S.D. Tex. Loc. R. 7.4.

The court finds that the Magistrate Judge did not clearly err when she issued the Order based on extant evidence in the record. Westport's objection is OVERRULED and its motion to modify the Order to admit the Redeker affidavit is DENIED.

### III. CONCLUSION

Westport's objections are SUSTAINED IN PART and OVERRULED IN PART. Westport's objections are SUSTAINED and its motion to modify is GRANTED IN PART to correct for a typographical error in dates and to identify attorneys from Oldenettel & McCabe as "Westport's retained counsel." Westport's remaining objections are OVERRULED and its motion to modify the Order is otherwise DENIED.

Signed at Houston, Texas on July 28, 2017.

_____
Gray H. Miller
United States District Judge