United States District Court
Southern District of Texas
**ENTERED**
December 21, 2021
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| WESTPORT INSURANCE CORPORATION, *on its own behalf and Assignee of Houstoun, Woodward, Eason, Gentle, Tomforde and Anderson, Inc. d/b/a* INSURANCE ALLIANCE, <br><br> *Plaintiff*, <br><br> v. <br><br> PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY *d/b/a* PENN NATIONAL INSURANCE, <br><br> *Defendant*. | § § § § § § § § § § § § § § § § § Civil Action H-16-1947 |

## MEMORANDUM OPINION AND ORDER

Pending before the court is realigned defendant Westport Insurance Corporation's ("Westport") motion to dismiss for failure to state a claim upon which relief can be granted. Dkt. 152. After reviewing the motion and the applicable law, the court STRIKES Westport's motion.

## I. BACKGROUND

Realigned plaintiff Pennsylvania National Mutual Casualty Insurance Company ("Penn National") raised counterclaims against Westport for breach of its *Stowers* duty on February 15, 2017. Dkt. 63. The dispositive motion deadline for this case was January 10, 2018. Dkt. 101. On the deadline date, the parties filed cross-motions for partial summary judgment. Dkts. 103, 104, 106.

Magistrate Judge Johnson made her Memorandum and Recommendation ("M&R") on August 31, 2018. Dkt. 122. The M&R recommended granting in part and denying in part

Westport's motions for partial summary judgment on Penn National's claim for breach of its *Stowers* duty and Westport's breach of contract claim. *Id.* The M&R found a genuine dispute of material fact for whether Westport breached its *Stowers* duty regarding three settlement offers in 2009 and 2010. *Id.* Further, the M&R concluded that Penn National breached its duties to defend in February 2016 and indemnify starting June 2016. *Id.* This court adopted the M&R in full. Dkt. 130. On December 17, 2021, Westport filed the instant motion to dismiss without seeking leave to amend the scheduling order. Dkt. 152.

## II. LEGAL STANDARD

"[A] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S & W Enters., L.L.C. v. SouthTrust Bank of Ala. N.A.*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Wright and Miller, *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)). The court may "prohibit introduction of evidence or strike pleadings for failure to obey [a] scheduling order under rule 16(f)." *Geiserman v. MacDonald*, 893.Fd 787, 793 (5th Cir. 1990).

## III. ANALYSIS

Westport argues it is permitted to bring the instant motion to dismiss under Federal Rule of Civil Procedure 12(h)(2)(C). "Rule 12 expressly provides that a defendant not pursuing a Rule 12(b)(6) defense at the pleading stage may raise it later in the litigation, including at trial." *C&C Inv. Props., L.L.C. v. Trustmark Nat'l Bank*, 838 F.3d 655, 660 (5th Cir. 2016). Rule 12(h)(2) does not grant a right to file a motion to dismiss at a particular time but instead "preserves three defenses against waiver during the pleading, motion, discovery, and trial stages of the action." Wright and

2

Miller, *Federal Practice and Procedure* § 1392 (3d ed. 2004).  Thus, while the defense itself is not waived under Rule 12(h)(2), the instant motion is nevertheless improper because it is filed nearly four years after the deadline imposed by the court's scheduling order.  *See Woodson v. Surgiteck, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995) ("The federal courts are vested with the inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386 (1962))).

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  However, Westport did not move to amend the scheduling order before filing its motion.  *See* Dkt. 152.  Further, Westport's motion argues that Penn National is not entitled to equitable subrogation because Penn National comes with unclean hands following the M&R's award of summary judgment for breach.  *Id.*  The M&R's analysis of how summary judgment for Westport on the breach of contract claim affects Penn National's *Stowers* claim runs counter to this argument.  *See* Dkt. 122 at 76–77.  Critically, the M&R was adopted in full over three years ago.  *See* Dkt. 130.  Thus, Westport has not been diligent and could not show good cause if it had requested leave to amend.  *See S & W Enters.*, 315 F.3d at 535.

Therefore, the court STRIKES Westport's motion to dismiss for failure to state a claim upon which relief can be granted.

### IV.  CONCLUSION

The scheduling order's motion deadline passed almost four years ago.  Dkt. 101.  Westport nevertheless filed a motion to dismiss without leave to amend the scheduling order and without good cause.  Dkt. 152.  Therefore, the court STRIKES Westport's motion to dismiss.

The court will not entertain a subsequent motion to amend the scheduling order, and Westport may raise its Rule 12 defense at trial.

Signed at Houston, Texas on December 21, 2021.

_____
Gray H. Miller
Senior United States District Judge