United States District Court
Southern District of Texas
**ENTERED**
August 21, 2023
Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| WESTPORT INSURANCE CORPORATION, | § | |
| on its own behalf and as Assignee of | § | |
| HOUSTOUN, WOODWARD, EASON, | § | |
| GENTLE, TOMFORDE, AND ANDERSON, | § | |
| INC. d/b/a INSURANCE ALLIANCE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-01947 |
| | § | |
| PENNSYLVANIA NATIONAL MUTUAL | § | |
| CASUALTY INSURANCE COMPANY d/b/a | § | |
| PENN NATIONAL INSURANCE, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before this Court is Defendant Westport Insurance Corporation's ("Westport") Rule 50(b) Motion for Judgment as a Matter of Law. (Doc. No. 243). Plaintiff Pennsylvania National Mutual Casualty Insurance Company d/b/a Penn National Insurance ("Penn National") filed a Response in Opposition. (Doc. No. 262). Westport filed a Reply (Doc. No. 266), and Penn National filed a Sur-Reply. (Doc. No. 280). Westport also filed a Rule 59(a) Motion for New Trial. (Doc. No. 244). Penn National filed a Response in Opposition (Doc. No. 263), and Westport filed a Reply. (Dox. No. 265). After reviewing the motions, the record, and the applicable law, the Court **DENIES** Westport's Rule 50(b) Motion for Judgment as a Matter of Law (Doc. No. 243) and **DENIES** Westport's Rule 59(a) Motion for New Trial. (Doc. No. 44).

### I. Discussion

**A. Motion for Judgment as a Matter of Law**

It is appropriate for a court to grant judgment as a matter of law when there is "there is no "legally sufficient evidentiary basis" for "a reasonable jury ... to find for the party on that issue"

on which it prevailed at trial. Fed. R. Civ. P. 50(a); *Laxton v. Gap Inc.*, 333 F.3d 572, 577 (5th Cir. 2003). "Evidence is legally insufficient where the facts and inferences point so strongly and overwhelmingly in favor of the moving party that reasonable jurors could not arrive at a contrary verdict." *N. Cypress Med. Ctr. Operating Co. v. Aetna Life Ins.*, 898 F.3d 461, 473 (5th Cir. 2018) (internal quotes omitted). The court "must examine the evidence as a whole," *MultiPlan, Inc. v. Holland, 937 F.3d 487, 494 (5th Cir. 2019)*, and "draw all reasonable inferences in the light most favorable to the verdict." *Allstate Ins. v. Receivable Fin. Co.*, 501 F.3d 398, 405 (5th Cir. 2007) Generally, courts "accord great deference to the jury's verdict when evaluating the sufficiency of the evidence." *Thomas v. Texas Dep't of Criminal Justice*, 220 F.3d 389, 392 (5th Cir. 2000).

Westport argues that it is entitled to judgment as a matter of law on two issues. First, it argues that is entitled to Judgment as a Matter of Law ("JMOL") on Penn Nationals *Stowers* claims because the demands did not provide for settlement and release of the CRC claims and the July ad November 2010 demands lacked clear and definite terms. Second, Westport contends that JMOL is proper on its breach of contract claims against Penn National. The Court will address each issue.

## 1. **Westport Contends that the Settlement Demands Did Not Trigger Stowers Duty**

At trial the jury was asked whether Westport violated its *Stowers* duty by not accepting four Highport-IA lawsuit settlement demands. The jury found Westport breached its *Stowers* duty on all four occasions. The Court subsequently set aside the May 2009 demand as being unsupportable based upon the admitted evidence at trial, but entered judgment against Westport on the September 2009, July 2010, and November 2010 demands. (Doc. No. 242). Westport argues Judgment as a Matter of Law is proper on the three remaining settlement demands.

As to the September 2009 demand, Westport contends it did not trigger a *Stowers* duty because it did not provide for a full release of claims. (Doc. No. 243 at 9). The Court disagrees.

2

The crux of Westport's argument is that it contends the settlement offer did not address the "risk of future liability" the insured faced from an indemnity claim against CRC Insurance Services, Inc. ("CRC"). At the time Highport made the September 2009 *Stowers* demand, CRC had not asserted a claim against IA. In fact, it never made such a claim. Rather, IA brought a third-party claim against CRC, and CRC filed an answer. In its answer, CRC referenced an indemnity provision in the IA-CRC contract as a defense to IA's claims against it. Therefore, at the time of the September 2009 demand, the only live claim with CRC was one instigated against it by IA.

Even if CRC had brought a claim against IA, it is important to note that the claim would have arisen out of a separate and distinct contract dispute. Westport has not pointed to any case law to support the contention that a full release under *Stowers* includes the release of potential, unasserted, and distinct claims made by third parties. The Court, therefore, denies Westport's Motion for JMOL as is relates to the September 2009 demand.

In regard to the July and November 2010 demands, Westport argues much like it does concerning the September 2009 demand, that the July and November 2010 demands failed to provide a full and unconditional release of the unasserted indemnity claim. (Doc. No. 244 at 14). Westport also asserts that the July and November 2010 demands failed to satisfy another *Stowers* prerequisite: they lacked clear and undisputed terms. (Doc. No. 244 at 14).

The Magistrate Judge discussed the July and November 2010 demands in her Memorandum and Recommendation, that the Court adopted. In the Memorandum and Recommendation, the Magistrate Judge expressly stated that "the course of communications and continuing settlement efforts, could allow a reasonable jury to find that the terms and conditions were clear with regard to the oral $3.6 million settlement demands of July and November 2010." (Doc. No. 122 at 69). Additionally, in the jury instruction the Court directed the jury to "consider

3

all the relevant circumstances at the time, including but not limited to… the clarity of the settlement demand." (Doc. No. 217 at 8). The evidence adduced at trial supports the conclusion that the jury did find the terms clear and unconditional. Specifically, there was legally sufficient evidence to support the conclusion that the July and November 2010 demands were extensions of the Mediator's Proposal (from 2009 and 2010) and carried with them the same terms and conditions as the Mediator's Proposal—including a term that provided for a full release in exchange for the payment of money. As such, Westport's Motion for JMOL is denied as it concerns the July and November 2010 demands.

## 2. **Westport's Breach of Contract Claim against Penn National**

    Westport next urges the Court to grant its Motion for JMOL on its breach of contract claims against Penn National. While it is true that this Court previously found that Penn National breached its duties to defend and indemnify (Doc. No. 122 at 72, 73), these breaches occurred more than five years after the jury found that Westport violated its *Stowers* duty. A finding that Penn National subsequently breached its duties to defend and indemnify IA has no impact on this case.

    Accordingly, the Court denies Westport's Motion for JMOL on this issue.

### B. Motion for New Trial

    Under Rule 59(a) of the Federal Rules of Civil Procedure, a new trial can be granted to any party to a jury trial on any or all issues "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course. " *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985).

4

Westport's Motion for New Trial presents similar arguments to those contained in its Motion for JMOL. In particular, Westport urges the Court to grant is Motion for New Trial "on the basis of charge error." (Doc. No. 243 at 1). It argues that "the jury should have been permitted to consider the outstanding CRC claims when dividing whether Westport acted reasonable," (Doc. No. 244 at 14) and "the exclusion of the CRC claims from the jury's consideration could have impacted the outcome of the case." (Doc. No. 243 at 18). As discussed, at the time the *Stowers* demands were made, CRC had not made an active claim against IA. Additionally, the claim, if any, between IA and CRC regarding indemnity did not arise out of the insurance dispute between Highport and the parties; it would have been a separate and distinct breach of contract action. Therefore, the settlement demands were valid *Stowers* demands.

Further, the parties and the Court discussed the pertinent language of the charge at the Charge Conference. Penn National's attorney suggested that "what has been muddied up and suggested throughout this trial, is that the law is that in order for it to be a proper *Stowers* demand, that the claimant has to go and round up all collateral and potential claims that aren't brought by and through and under them, and that is just not the law. You would never get a case settled if that were the case." (Doc. No. 277 at 141). To which Westport replied, "we are not suggesting that that is a *Stowers* requirement, but what we are saying is that's -- you know, whether you're wrapping everything into a settlement, it is a relevant consideration." (Doc. No. 277 at 141).

Importantly, the jury instruction did not preclude the jury from considering the potential CRC claims. In fact, the jury instruction told the jury that "[w]hen considering [the] questions, [the jury] should consider *all the relevant circumstances* at the time, *including but not limited to* the likelihood and degree of Insurance Alliance's potential exposure to a judgment in excess of Westport's policy limits, the likelihood of obtaining a full release of the Highport's claims against

5

Insurance Alliance, the clarity of the settlement demand, the position of the insured regarding settlement, and whether the demand is unconditional." (Doc. No. 217 at 8) (emphasis added).

As such, the Court does not find there was an error in the charge, and therefore, Westport's Motion filed pursuant to Federal Rule of Civil Procedure 59(a)(1)(A) has no basis. Westport's the Court denies Rule 59(a) Motion for New Trial. (Doc. No. 44).

## IV. Conclusion

For the aforementioned reasons, the Court **DENIES** Westport's Rule 50(b) Motion for Judgment as a Matter of Law (Doc. No. 243) and **DENIES** Westport's Rule 59(a) Motion for New Trial. (Doc. No. 44).

Signed this 21st day of August, 2023.

Andrew S. Hanen
United States District Judge